## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| **ANDREW C. BOCHART,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | **13-11753-FDS** |
| | ) | |
| **CITY OF LOWELL, ERIC G. WAYNE,** | ) | |
| **individually and as a police officer for the** | ) | |
| **City of Lowell, and HOOKSLIDE** | ) | |
| **KELLY'S, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____)

## MEMORANDUM AND ORDER ON DEFENDANT'S
## MOTIONS TO DISMISS AND TO STRIKE

**SAYLOR, J.**

This is an action under 42 U.S.C. § 1983 and related state theories arising out of an altercation in a bar.  Plaintiff Andrew Bochart alleges that Lowell Police Officer Eric Wayne used excessive force against him, causing him substantial injuries, when Bochart was a patron at a bar and grill called Hookslide Kelly's.  He has brought suit against defendants the City of Lowell, Lowell police officer Eric Wayne, and Hookslide Kelly's under federal and state law.

Defendant the City of Lowell has moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  It has also moved to strike various paragraphs in plaintiff's amended complaint.  For the reasons set forth below, the motion to strike will be denied and the motion to dismiss will be denied.

II.    **Background**

For the purposes of a motion to dismiss, the Court takes the factual allegations in the complaint as true.

On August 13, 2010, Andrew Bochart went to a bar and grill, Hookslide Kelly's, in Lowell, Massachusetts.  Less than three weeks before, he had undergone surgery on his shoulder, and his left arm and shoulder were in a bulky arm sling.  The bouncer at the bar initially refused to allow Bochart to enter because his clothing was not covering his abdomen.  Bochart told him that he wore his clothing in such a way as to make others aware that he was wearing the sling.  At the bouncer's direction, Bochart adjusted his shirt to cover the sling, which nevertheless remained obvious under his clothing, and the bouncer let him into the bar.  During this interaction, Eric Wayne, a  Lowell police officer, was standing next to the bouncer.

Around 1:30 a.m. on August 14, an altercation occurred inside the bar, near where Bochart was standing.  During the altercation, officer Wayne hit Bochart and tackled him to the ground, causing great pain to Bochart's left arm and shoulder.  Wayne rolled Bochart onto his back and sprayed oleoresin capsicum (commonly known as "pepper spray") in his face.  He then rolled Bochart back onto his stomach and forced his arms behind his back in order to handcuff him.  At least one bystander informed Wayne that Bochart had recently undergone surgery.  Later, at the direction of another police officer, Wayne adjusted the handcuffs so that Bochart's left arm was handcuffed to his belt.  Wayne and another officer dragged Bochart into a police van.  Bochart asked to be transported to the hospital, but instead was taken to the Lowell police station.

At the police station, Bochart requested multiple times to be taken to a hospital, but each

police officer he asked declined his request.  He received no medical care while in police custody, nor did anyone provide treatment for exposure to pepper spray.  A police officer removed his sling, causing him additional pain.  Around 9:30 a.m., the police released him.  He proceeded directly to Saints Memorial Hospital in Lowell for emergency treatment. The incident aggravated his left arm and shoulder injury.

According to the complaint, from 2005 through mid-2012, citizens filed more than forty internal affairs complaints and several civil rights lawsuits alleging excessive force by Lowell police officers.  None of those matters led the City to discipline an officer.  In multiple instances, complainants were sprayed with pepper spray or were denied medical treatment.  The specific incidents are outlined in the complaint at some length.  None of the instances alleged involved officer Wayne.

On July 23, 2013, Bochart filed a complaint asserting claims (1) against Wayne under 42 U.S.C. § 1983 and Mass. Gen. Laws ch. 12, §§ 11H and 11I, and for assault and battery, intentional infliction of emotional distress, and negligence; (2) against Hookslide Kelly's for negligence and, under a theory of vicarious liability, under Mass. Gen. Laws ch. 12, §§ 11H and 11I and for negligence; and (3) against the City of Lowell under 42 U.S.C. § 1983, alleging that the officer's violations of his constitutional rights were caused by the City's policies or customs. On August 28, 2013, he filed an amended complaint, which contained additional allegations concerning prior incidents of alleged excessive force and improper medical care by the Lowell Police Department.

The City of Lowell has moved to dismiss Count 2 of the complaint for failure to state a claim upon which relief can be granted and to strike paragraphs 34a to 34q of the amended

complaint.

## II.    <u>Motion to Strike</u>

Pursuant to Fed. R. Civ. P. 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  However, Rule 12(f) specifically gives the Court discretion as to whether or not to strike a particular matter, and motions to strike are generally disfavored.  *See Zurich Am. Ins. Co. v. Watts Regulator Co.*, 796 F. Supp. 2d 240, 246 (D. Mass. 2011) (citing *Soni v. Boston Med. Ctr. Corp.*, 683 F. Supp. 2d 74, 92 (D. Mass. 2009); *Alvarado–Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988)); *see also* ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1380 (3d ed. 2002) ("Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted.").

Here, the City contends that paragraphs 34a through 34q of the Amended Complaint are "redundant, immaterial, impertinent, or scandalous" and should be struck.  Most of those paragraphs relate various alleged incidents of excessive use of force, improper use of pepper spray, and denial of medical treatment for pepper spray by Lowell police officers from 1999 to 2012.  This information is not redundant because it does not duplicate information contained elsewhere in the complaint.  Neither is it scandalous.  As for materiality and pertinence, the allegations, if true, could plausibly be some evidence of a pattern or practice.  The City contends that the existence of other isolated incidents over a period of several years in a relatively large city does not prove the existence of a pattern or practice.  That may well prove to be true.

Indeed, it is possible that the past incidents are entirely irrelevant.  The City also notes (and

plaintiff acknowledges) that many of the incidents involve unproven allegations or settlements

without an admission of fault.  But in a motion to dismiss, plaintiff need not offer proof, merely

plausible allegations that, if true, would state a claim for relief.  At this stage, the contested

paragraphs do not fall within the scope of improper allegations under Rule 12(f) and accordingly

will not be struck.

The final four paragraphs narrate plaintiff's counsel's attempts to obtain additional

information about similar incidents from the Lowell Police Department.  The recounting of those

efforts cannot be fairly characterized as scandalous, and it is not redundant.  While the

information may not be substantially material or pertinent to the ultimate issues, it plausibly

provides context to the prior paragraphs and will not be struck.

Accordingly, the motion to strike will be denied.

## III.  **Motion to Dismiss**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must

assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable

inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007)

(citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the

complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but

it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S.

Ct. at 1949.  There are no heightened pleading standards for civil rights cases. *Educadores*

*Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 66 (1st Cir. 2004).  "A plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S. at 555.  Dismissal is appropriate if the complaint fails to set forth "factual

allegations, either direct or inferential, respecting each material element necessary to sustain

recovery under some actionable legal theory."  *Gagliardi v. Sullivan,* 513 F.3d 301, 305 (1st Cir.

2008) (quoting *Centro Medico del Turabo, Inc.*, *v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir.

2005)).

A municipality "may not be sued under § 1983 for an injury inflicted solely by its

employees or agents."  *Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658,

694 (1978).  "[L]iability can be imposed on a local government only where that government's

policy or custom is responsible for causing the constitutional violation or injury."  *Kelley v.

Laforce*, 288 F.3d 1, 9 (1st Cir. 2002) (citing *Monell*, 436 U.S. at 690-691).  Official municipal

policy may include not just published rules but also practices "so persistent and widespread as to

practically have the force of law."  *Sonia v. Town of Brookline*, 914 F. Supp. 2d 36, 44 (D. Mass.

2012) (citing *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011)).

Here, the complaint alleges that the City of Lowell caused the constitutional violations at

issue by failing to train officers in the proper use of force and the provision of medical care, and

by failing to supervise, investigate, and discipline the use of excessive force.  The City contends

that the complaint fails to state a claim because it does not sufficiently plead theories of failure to

train or failure to supervise, and in particular the elements of causation and a custom or policy.

The Court acknowledges that there is an inherent difficulty in pleading a § 1983 action

against a municipality.  Under the federal system of notice pleading, a complaint need only allege a "short and plain statement of the claim." Fed. R. Civ. P. 8(a).  Publicly-available information concerning similar constitutional violations may often exist only as allegations only, not facts.  Early dismissal on that basis could inappropriately prevent or discourage plaintiffs from asserting their constitutional rights.  On the other hand, a municipality can be held liable only if a policy or custom actually exists, and should not be forced to expend its limited resources conducting discovery in every case where a plaintiff makes a bare allegation of a "policy or custom."  *See Carter v. District of Columbia*, 795 F.2d 116, 123 (D.C. Cir. 1986) (holding that unsubstantiated allegations fail to show actual occurrences and cannot support a finding of municipal liability under § 1983).

Moreover, what suffices to state a custom or practice varies from case to case.  The size of the municipality, the frequency of the alleged violations, the length of time during which the alleged violations have occurred, and the similarity in character of the alleged violations are among the factors to be considered in determining whether a series of incidents has risen to the level of a "custom" or "practice."  There is no set formula for ascertaining the appropriate degree of specificity or plausibility in a complaint, and each case must be considered on its own merits.  With those considerations in mind, the Court will analyze the claims alleged here.

A.     **Failure to Train**

A municipality may be liable under § 1983 for failure to train its police officers if "that failure causes a constitutional violation or injury and 'amounts to deliberate indifference to the rights of persons with whom the [officers] come into contact.'"  *DiRico v. City of Quincy*, 404 F.3d 464, 468 (1st Cir. 2005) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

Here, the complaint alleges that the City failed to train its police officers adequately in the use of force, especially in the proper methods for the use of pepper spray.  The complaint further alleges that the City failed to train its police officers in the provision of medical care to detainees—in particular, detainees who have been exposed to pepper spray.  It asserts that plaintiff was deprived of his Fourth, Eighth, and Fourteenth Amendment rights as a result of these failures.  The complaint cites six reports of alleged excessive force, three reports of alleged misuse of pepper spray, and three reports of denial of medical treatment in a fifteen-year period.  Two incidents in which Lowell police officers allegedly used excessive force, deployed pepper spray, and denied treatment are alleged to have occurred within two months of the events at issue here.  Because of these incidents, the complaint alleges that the City's policymaking officials knew or should have known about the pattern of conduct and failed to take appropriate action.

While these facts may not ultimately suffice to prove the City's liability, they set out sufficient facts and a plausible theory of liability for failure to train that satisfy the requirements of Rule 12(b)(6).

### B.   Failure to Supervise

Under § 1983, courts have treated claims for both failure to supervise and failure to train under the general category of supervisory liability.  "Supervisory liability can be grounded on either the supervisor's direct participation in the unconstitutional conduct, or through conduct that amounts to condonation or tacit authorization."  *Whitfield v. Melendez–Rivera*, 431 F.3d 1, 14 (1st Cir.2005) (citing *Camilo–Robles v. Zapata*, 175 F.3d 41, 44 (1st Cir.1999)).

The complaint alleges that the City had a policy or custom of failing to supervise its police officers in the use of force and use of pepper spray and failing to take disciplinary action

against officers who used excessive force or improperly deployed pepper spray.  The complaint

asserts that as a result, plaintiff was deprived of his rights under the Fourth, Eighth, and

Fourteenth Amendments.  The complaint contends that, in a seven-year period, the City did not

discipline any police officer, notwithstanding more than forty internal affairs complaints alleging

excessive force.

Again, plaintiff has provided sufficient evidence of failure to supervise, causation, and

custom to survive a motion to dismiss.  Accordingly, the motion will be denied.

**IV.**     **Conclusion**

For the foregoing reasons, defendant's motion to strike is DENIED, and defendant's

motion to dismiss is DENIED.

**So Ordered.**


/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  November 13, 2013