# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                              )
**ANDREW C. BOCHART,**                        )
                                              )
        **Plaintiff,**                        )
                                              )          **Civil Action No.**
        **v.**                                )          **13-11753-FDS**
                                              )
**CITY OF LOWELL, ERIC G. WAYNE,**            )
**individually and as a police officer for the** )
**City of Lowell, and HOOKSLIDE**             )
**KELLY'S, LLC,**                             )
                                              )
        **Defendants.**                       )
                                              )
_____)


## MEMORANDUM AND ORDER ON DEFENDANT'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

**SAYLOR, J.**

This is an action under 42 U.S.C. § 1983 and related state theories arising out of an

altercation in a bar.  Plaintiff Andrew Bochart alleges that Lowell Police Officer Eric Wayne

used excessive force against him, causing him substantial injuries, when Bochart was a patron at

a bar and grill called Hookslide Kelly's.  He brought suit against defendants the City of Lowell,

Wayne, and Hookslide Kelly's under federal and state law.

Defendants Hookslide Kelly's and the City of Lowell have been dismissed from the case

pursuant to stipulations of dismissal with the plaintiff.  Defendant Wayne has now moved for

partial summary judgment on Count One, contending that Bochart's excessive force claim is

barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), and the doctrine of judicial estoppel.  For

the reasons described below, that motion will be granted in part and denied in part.[1]

I.      **Background**

  A.  **Plaintiff's Arrest at Hookslide Kelly's**

  Except where otherwise noted, the following facts are either undisputed or taken in the light most favorable to Bochart as the non-moving party.

  On August 13, 2010, Andrew Bochart went to a bar and grill, Hookslide Kelly's, in Lowell, Massachusetts.  Less than three weeks before, he had undergone surgery on his shoulder, and his left arm and shoulder were in a bulky arm sling.  The bouncer at the bar initially refused to allow Bochart to enter because his clothing was not covering his abdomen.  Bochart told him that he wore his clothing in such a way as to make others aware that he was wearing the sling.  At the bouncer's direction, Bochart adjusted his shirt to cover the sling, which nevertheless remained obvious under his clothing, and the bouncer let him into the bar.  During this interaction, Eric Wayne, a Lowell police officer, was standing next to the bouncer.

  Around 1:30 a.m. on August 14, an altercation occurred inside the bar, near where Bochart was standing.  Bochart alleges in the amended complaint that Wayne hit him and tackled him to the ground, causing great pain to his injured left arm and shoulder.  Wayne rolled Bochart onto his back and sprayed oleoresin capsicum (commonly known as "pepper spray") in his face.  He then rolled Bochart back onto his stomach and forced his arms behind his back in order to handcuff him.  At least one bystander informed Wayne that Bochart had recently undergone surgery.  Later, at the direction of another police officer, Wayne adjusted the handcuffs so that

---

[1] Wayne's motion asks for judgment as a matter of law "in favor of the City" on Bochart's excessive force claim in Count Two of the amended complaint.  (Def. Mem. 1).  For the purposes of this motion, the Court will assume that Wayne intended to ask for judgment as a matter of law in his own favor as to the excessive force portion of Bochart's § 1983 claim in Count One of the amended complaint.  Because Wayne's motion does not address Bochart's claim in Count One that Wayne displayed deliberate indifference to his medical needs, the Court will treat the motion as one for partial summary judgment.

Bochart's left arm was handcuffed to his belt.  Wayne and another officer dragged Bochart into a police van.  Bochart asked to be transported to the hospital, but instead was taken to the Lowell police station.

At the police station, Bochart requested multiple times to be taken to a hospital, but each police officer he asked declined his request.  He alleges that he received no medical care while in police custody, nor did anyone provide treatment for exposure to pepper spray.  A police officer removed his sling, causing him additional pain.  Around 9:30 a.m., the police released him.  He proceeded directly to Saints Memorial Hospital in Lowell for emergency treatment.  According to the complaint, the incident aggravated his arm and shoulder injury.

### B.    The Criminal Proceedings in State Court

Bochart was charged in state court with disorderly conduct, resisting arrest, and assault and battery on a police officer.  (Def. SMF ¶ 1, Ex. 2).  In the ensuing criminal proceedings, the disorderly conduct charge was dismissed and Bochart admitted to sufficient facts as to the charges of resisting arrest and assault and battery on a police officer.  (Def. SMF ¶ 2, Ex. 2, 3, 4).  When Bochart entered his plea, the assistant district attorney prosecuting the case provided the following colloquy:

> . . . Upon approaching the group to disperse the group of people, the officer looked down on the ground and observed the defendant before you lying on the ground.  The officer shoved several individuals off of the defendant in an attempt to help him.

> The officer reached down and told the defendant that he was the police. The defendant was looking right at the officer and could clearly see the officer, as he was in uniform. The defendant was told to relax and that he would help him.

> At that time, the defendant was screaming and he said he was going to kill someone. The officer again told him to relax, at which time the defendant took his right hand and punched the officer in the face.

> The officer noticed that the defendant had a brace on his left shoulder, and in an

3

attempt to not further injure him, he used gentle force in attempting to handcuff him. He rolled the defendant on his side, and at that time the defendant began kicking and flailing. He then reached up and took the officer's handcuffs from the officer's hands and tucked them underneath his body. The officer was able to place the defendant under arrest after he was sprayed with a two-second burst of pepper spray. Those are essentially the facts.

(Def. SMF ¶ 4, Ex. 3, Transcript at 4-5).  After the colloquy was completed, the following exchange occurred:

> THE COURT:  You heard the assistant D.A. state the facts a few minutes ago. Are those facts accurate? Is that what happened, essentially?
>
> MR. BOCHART: Essentially accurate, Your Honor.

(Def. SMF ¶ 4, Ex. 3, Transcript at 10).

According to Bochart, at the time he entered his plea, he thought he would be agreeing to the entry of a continuance without a finding on both the resisting arrest and assault and battery charges while continuing to assert his innocence.  (Bochart Aff. ¶ 4).  According to his affidavit, if Bochart had known that his agreement to the colloquy would be used against him to bar a later civil suit, he would have made an effort to alert the court to the facts in the colloquy with which he disagreed.  (Bochart Aff. ¶ 7).

## C.   Procedural Background

On July 23, 2013, Bochart filed a complaint asserting claims (1) against Wayne under 42 U.S.C. § 1983, under Mass. Gen. Laws ch. 12, §§ 11H and 11I, and for assault and battery, intentional infliction of emotional distress, and negligence; (2) against Hookslide Kelly's for negligence and, under a theory of vicarious liability, under Mass. Gen. Laws ch. 12, §§ 11H and 11I and for negligence; and (3) against the City of Lowell under 42 U.S.C. § 1983, alleging that the officer's violations of his constitutional rights were caused by the City's policies or customs. On August 28, 2013, he filed an amended complaint, which contained additional allegations

4

concerning prior incidents of alleged excessive force and denial of medical care by the Lowell

Police Department.  Bochart has since entered into stipulations of dismissal with Hookslide

Kelly's and the City, leaving Wayne as the only remaining defendant in the case.

Wayne has now moved for partial summary judgment, asserting that Bochart's claim

under 42 U.S.C. § 1983 is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), and the

doctrine of judicial estoppel.

## II.    Legal Standard

The role of summary judgment is to "pierce the pleadings and to assess the proof in order

to see whether there is a genuine need for trial."  *Mesnick v. General Elec. Co.*, 950 F.2d 816,

822 (1st Cir. 1991) (internal quotation marks omitted).  Summary judgment is appropriate when

the moving party shows that "there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Essentially, Rule 56[ ]

mandates the entry of summary judgment 'against a party who fails to make a showing sufficient

to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial.'"  *Coll v. PB Diagnostic Sys.*, 50 F.3d 1115, 1121 (1st Cir.

1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  In making that

determination, the court must view "the record in the light most favorable to the nonmovant,

drawing reasonable inferences in his favor."  *Noonan v. Staples, Inc.*, 556 F.3d 20, 25 (1st Cir.

2009).  When "a properly supported motion for summary judgment is made, the adverse party

'must set forth specific facts showing that there is a genuine issue for trial.'"  *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)).  The non-moving party

may not simply "rest upon mere allegation or denials of his pleading," but instead must "present

affirmative evidence."  *Id*. at 256-57.

### III.   Analysis

#### A.   The *Heck* Doctrine

In *Heck v. Humphrey*, the Supreme Court held that a § 1983 claim is not cognizable if its success would necessarily imply the invalidity of an underlying conviction or sentence.  512 U.S. 477, 486-87 (1994).  Wayne contends that Bochart's admission to sufficient facts to support a finding of guilty for resisting arrest and assault and battery on a police officer, which led to a continuance without a finding ("CWOF") in the state criminal proceedings against him, precludes Bochart from now asserting a claim under 42 U.S.C. § 1983.

#### 1.   Effect of Bochart's Plea and Continuance Without a Finding

As a threshold matter, the First Circuit has not yet addressed the issue of whether an admission to sufficient facts and CWOF constitutes a conviction for the purposes of the *Heck* limitation on subsequent § 1983 actions.[2]  However, at least five other circuits have held that a deferred adjudication or plea of *nolo contendere* constitutes a conviction for the purposes of *Heck*.  *See Quinlan v. City of Pensacola*, 449 Fed. Appx. 867, 870 (11th Cir. 2011) (*nolo contendere* under Florida law); *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652–653, 656 (5th Cir. 2007) (deferred adjudication under Texas law); *Gomez v. City of Whittier*, 211 Fed. Appx. 573, 575 (9th Cir. 2006) (*nolo contendere* under California law); *Jackson v. Loftis*, 189 Fed. Appx. 775 (10th Cir. 2006) (*nolo contendere* and deferred sentence under Oklahoma law); *Marable v. W. Pottsgrove Twp.*, 176 Fed. Appx. 275 (3d Cir. 2006) (*nolo contendere* under Pennsylvania law); and *Nicholson v. City of Westlake*, 20 Fed. Appx. 400 (6th Cir. 2001) (*nolo*

---

[2]  "An admission to sufficient facts followed by a continuance without a finding is not a conviction under Massachusetts law." *Commonwealth v. Villalobos*, 437 Mass. 797, 802 (2002).  However, an admission to sufficient facts and CWOF is treated as a conviction for some purposes under federal law.  *See, e.g., id.* at 798 (noting that 8 U.S.C. § 1101(a)(48)(A) treats a CWOF as equivalent to a conviction for immigration purposes); *United States v. DiPina*, 178 F.3d 68 (1st Cir. 1999) (admission to sufficient facts treated as conviction under federal sentencing guidelines).

*contendere* under Ohio law).

At the time he admitted to sufficient facts, Bochart's defense counsel characterized it as an *Alford* plea pursuant to *North Carolina v. Alford*, 400 U.S. 35 (1970).  (Def. SMF ¶ 4, Ex. 3, Transcript at 7).[3]  While there is some doubt as to the accuracy of that description, both Bochart and Wayne appear to agree with it.  (Pl. Opp. 4, n.2; Def. Mem. 3, DSMF ¶ 2).  At least seven circuits have held that an *Alford* plea constitutes a conviction for *Heck* purposes.  *See, e.g.*, *Havens v. Johnson*, 783 F.3d 776, 784 (10th Cir. 2015) (listing cases from the Seventh and Ninth Circuits); *Ballard v. Burton*, 444 F.3d 391, 397 (5th Cir. 2006) (listing cases from the Second, Fourth, and Sixth Circuits).

Although an *Alford* plea is typically associated with an actual guilty plea, the Court sees no reason why a plea to sufficient facts—which is, in substance, a formal admission of guilt in open court—that results in a CWOF should be treated any differently, even if the result is not a criminal conviction under state law.  Accordingly, the Court will treat Bochart's admission to sufficient facts and the resulting CWOF as a criminal conviction for purposes of the *Heck* analysis.

## 2.     **Application of *Heck***

In determining whether a § 1983 claim is barred under *Heck*, the Court "must consider the relationship between the § 1983 claim and the conviction, including asking whether the

---

[3] "An *Alford* plea occurs when a defendant enters a guilty plea without admitting guilt."  *United States v. Caramadre*, 807 F.3d 359, 372 (1st Cir. 2015) (citing *United States v. Bierd*, 217 F.3d 15, 17 n.1 (1st Cir. 2000)); *North Carolina v. Alford*, 400 U.S. 25 (1970).  At the plea hearing, Bochart's counsel stated that "while [Bochart] does have a defensible case, he understands that if a jury believes the Commonwealth's set of facts, you know, pursuant to, you know, *Alford v. United States* [sic], that they could find him guilty, and he wants to resolve the matter."  (Def. SMF ¶ 4, Ex. 3, Transcript at 7).

plaintiff could prevail only by 'negat[ing] an element of the offense of which he [was] convicted.'" *Thore v. Howe*, 466 F.3d 173, 179 (1st Cir. 2006) (quoting *Heck*, 512 U.S. at 486 n.6). A § 1983 claim arising out of an officer's alleged use of excessive force during an arrest is not necessarily barred by *Heck*, even where the underlying arrest and conviction is for assault and battery on a police officer. *Thore*, 466 F.3d at 180. For example, "the claim may be that the officer used too much force to respond to the assault or that the officer used force after the need for force disappeared." *Havens v. Johnson*, 783 F.3d 776, 782 (10th Cir. 2015). Ultimately, whether a § 1983 claim is barred by a prior assault conviction depends on the level of factual "relatedness" between the claim and the conviction. *Thore*, 466 F.3d at 180.

Wayne contends that Bochart's entire claim should be dismissed because Bochart attempts to maintain his innocence as to the underlying incident in his complaint. (Def. Mem. 5-7) (citing *Stone v. Wall*, 2015 WL 1137544, at *7 (D.R.I. Mar. 12, 2105) ("If the civil complaint contains allegations inconsistent with the validity of the conviction, *Heck* kicks in and bars the civil suit.")). However, *Heck* bars only a plaintiff's theory of relief that depends upon his innocence. *See Havens*, 783 F.3d at 784 (granting summary judgment "[b]ecause [plaintiff's] only theory of relief is based on his innocence, and this theory is barred by *Heck*"); *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656 (5th Cir. 2007) (barring claim where plaintiff claimed he did nothing wrong and "provide[d] no alternative pleading or theory of recovery"); *see also Statchen v. Palmer*, 2009 WL 2997982, at *6 (D.N.H. Sep. 15, 2009). In other words, a court must consider each of the plaintiff's theories of relief individually when determining whether a § 1983 claim is viable under *Heck*. *See, e.g.*, *Thore*, 466 F.3d at 180 (finding only one of plaintiff's two theories for relief on excessive force claim barred by *Heck*).

Here, Bochart appears to assert three theories in support of his excessive force claim:

First, he asserts that Wayne, "without warning or justification . . . violently struck" him and "tackled" him to the ground.  (Am. Compl. ¶ 13).  Second, he asserts that Wayne "baselessly sprayed [him] with a large dose" of pepper spray.  (Am. Compl. ¶ 14).  Third, he asserts that Wayne used excessive and unreasonable force in the process of handcuffing him.  (Am. Compl. ¶¶ 15-18).

Bochart's first theory—that Wayne attacked him "without justification"—is directly inconsistent with the facts underlying his plea in the state court proceedings.  Accordingly, that theory is clearly barred under *Heck*.

 Bochart's second theory—alleging that Wayne's use of pepper spray constituted excessive force under the circumstances—is a closer call and requires a more nuanced evaluation.  At his plea, Bochart admitted that the prosecutor's recitation of the facts was "essentially accurate."  That recitation stated that Bochart was screaming, punched Wayne in the face, was kicking and flailing on the ground, and that Wayne was able to complete the arrest only after using pepper spray.  In light of his admission to those facts, it is clear that Bochart may not now assert that Wayne's use of pepper spray was entirely "baseless" or constituted excessive force *per se*.

Bochart, however, also contends that Wayne's *extended* use of the pepper spray for two seconds (as opposed to the one-second burst that Bochart contends is standard Lowell Police Department procedure) constituted excessive force.  Under that theory, Bochart acknowledges that the use of pepper spray for one second was reasonable, but asks the Court to draw a line in time at the point that the "second second" of spraying began.  According to Bochart, the additional pepper spray was unnecessary, excessive, and unreasonable because by that point he had stopped resisting Wayne.

In effect, Bochart's second theory is in accord with the first example given in *Havens*; that is, it is a claim that Wayne used "too much force" in responding to the situation. *Havens*, 783 F.3d at 782. Accepting that theory would not require accepting facts that would invalidate Bochart's conviction for either resisting arrest or assault and battery. Therefore, to the extent that Bochart argues only that the additional second of pepper spray constituted excessive force, the claim is not barred.

Bochart's third theory of relief—that Wayne used excessive force in the process of handcuffing him—is easier to resolve. Bochart alleges that Wayne, despite being aware that his left arm was in a sling, and despite the fact that he was no longer resisting, employed a "rough, painful, and injurious handcuffing" procedure that constituted excessive force. That particular theory of relief is the type of claim for relief that is *not* barred by *Heck*. *See e.g.*, *Havens*, 783 F.3d at 782 (claim that "the officer used force after the need for force had disappeared" is not inconsistent with conviction for assault); *accord Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008) (Section 1983 claim not barred "if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim.") (listing similar cases). A judgment in Bochart's favor under that theory would not invalidate or undermine his conviction, because all of the admitted facts on which the conviction was based occurred prior to Wayne's use of pepper spray, which itself preceded the handcuffing. Because that theory is distinct from the facts underlying Bochart's convictions, it is not barred.

### 3.     <u>Conclusion</u>

In summary, to the extent that Bochart's excessive force claim is premised on the theory that Wayne struck or tackled him "without warning or justification," or on the theory that Wayne's initial use of pepper spray to subdue him was excessive, it is barred under *Heck*.

Accordingly, the Court will grant Wayne partial summary judgment as to those theories of relief.

In addition, the Court will strike paragraph 13 from the amended complaint, as well as the phrase

"and baselessly" from paragraph 14.  *Cf. Martinez v. City of Alburquerque*, 184 F.3d 1123, 1127

(10th Cir. 1999) (striking portions of complaint that would suggest invalidity of state court

conviction).

     However, to the extent that Bochart's excessive force claim is premised on the theory

that Wayne used excessive force by spraying pepper spray for an extended period or that Wayne

used excessive and unnecessary force in handcuffing Bochart, summary judgment will be denied.

### B.    <u>Judicial Estoppel</u>

     As an alternative ground for summary judgment, Wayne contends that Bochart's

excessive force claim should be dismissed under the doctrine of judicial estoppel.  Judicial

estoppel prevents a litigant from pressing a claim that is directly inconsistent with a position

taken by that litigant, and accepted by the court, in a prior legal proceeding.  *See Muskat v.*

*United States*, 554 F.3d 183, 196 (1st Cir. 2009).  In the First Circuit, judicial estoppel attaches

only if "(1) the estopping position and the estopped position [are] directly inconsistent; and (2)

the responsible party . . . succeeded in persuading a court to have accepted its prior position."  *Id.*

at 181-82 (quoting *Alternative System Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 33 (1st Cir.

2004)).  The purpose of judicial estoppel is to "protect the integrity of the judicial process by

prohibiting parties from deliberately changing positions according to the exigencies of the

moment."  *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (citations omitted).  The

doctrine bars "self-serving self-contradiction, or 'playing fast and loose with the courts.'"

*Patriot Cinemas, Inc. v. General Cinemas Corp.*, 834 F.2d 208, 213 (1st Cir.1987).  There is no

bright-line rule that a criminal defendant who admits to facts during a plea hearing is bound by

those facts in a subsequent civil action. *Thore*, 466 F.3d at 182-83 ("[T]he mere assertion of inconsistent facts from those admitted in a plea does not strike us as inherently impugning the integrity of the judicial process.").

Here, the doctrine of judicial estoppel does not support dismissal of Bochart's claims in their entirety. As discussed at length above, the facts given in the colloquy are not inconsistent with the aspects of Bochart's excessive force claim that survive the application of *Heck*. Furthermore, the use of the qualifier "essentially" by the prosecutor, judge, and Bochart in reference to the accuracy of the facts recited indicates some question as to whether Bochart admitted to each and every detail in the colloquy, as opposed to merely indicating general agreement with the stated version of events.[4] As a result, it is difficult to say with confidence which specific facts were both admitted by Bochart and accepted by the judge as necessary to the plea. *See id.* at 183-84 ("All facts recited during the plea colloquy are not necessarily "accepted" by a judge.").

Bochart further contends that the fact that he did not expressly admit guilt necessarily precludes a finding that his plea colloquy was inconsistent with the current suit. (Pl. Opp. 12). In the alternative, he contends that his good-faith belief that a plea to sufficient facts would preserve his claim to innocence provides a "reasonable justification" for his change in position. (*Id.* (citing *Thore*, 466 F.3d at 185)). Without resolving the question of whether either of those arguments would preclude the application of judicial estoppel, it suffices to note that the circumstances of this case do not give rise to an inference that Bochart is "playing fast and

---

[4] The prosecutor concluded the statement of facts by stating, "Those are essentially the facts." (Def. SMF ¶ 4, Ex. 3, Transcript at 4-5). The court then later referred to the statement of facts and asked Bochart, "Are those facts accurate? Is that what happened, essentially?" to which Bochart answered, "Essentially accurate, Your Honor." (Def. SMF ¶ 4, Ex. 3, Transcript at 10).

loose" with the courts.  *See Patriot Cinemas*, 834 F.2d at 213.

To the extent that Bochart would otherwise assert a general theory of innocence such that *any* force used by Wayne was unwarranted or excessive, those assertions or claims are already precluded by *Heck*.  Accordingly, the application of judicial estoppel is unnecessary. Defendant's motion for partial summary judgment on the issue will therefore be denied.

## IV.    <u>Conclusion</u>

For the foregoing reasons, the motion of defendant Eric G. Wayne for partial summary judgment is GRANTED in part and DENIED in part, as follows:

1.    Partial summary judgment will be granted as to plaintiff's claim for excessive force in Count One, to the extent that it is based on a theory that the use of any force by Wayne, or Wayne's initial use of pepper spray, was unreasonable or unjustified;

2.    Summary judgment will be denied as to plaintiff's claim for excessive force in Count One, to the extent that it is based on a theory that Wayne used excessive force by spraying pepper spray for an extended period or that Wayne used excessive and unnecessary force in handcuffing him; and

3.    The following allegations are hereby struck from the amended complaint:

a.   Paragraph 13 in its entirety; and

b.   In paragraph 14, the phrase "and baselessly."

**So Ordered.**

/s/  F. Dennis Saylor
F. Dennis Saylor IV
Dated:  February 19, 2016                    United States District Judge