# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW C. BOCHART, <br><br>      Plaintiff, <br><br>      v. <br><br>ERIC G. WAYNE, <br><br>      Defendant. | Civil Action No. <br>13-11753-FDS |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

**SAYLOR, J.**

Plaintiff Andrew Bochart brought this action under 42 U.S.C. § 1983 and related state-law theories following an altercation in a bar. Plaintiff alleged that Police Officer Eric Wayne used excessive force against him, causing him substantial injuries, when he was a patron at Hookslide Kelly's in Lowell. After a four-day jury trial, the Court granted defendant's motion for a directed verdict as to plaintiff's deliberate-indifference claim and the jury returned a verdict in favor of plaintiff on his excessive-force claim. The jury awarded plaintiff damages in the amount of $494.56.

Plaintiff then moved, pursuant to 42 U.S.C. § 1988, for an award of attorneys' fees in the amount of $59,922. He also moved for an award of costs, pursuant to Fed. R. Civ. P. 54(d), in the amount of $8,004.79. For the reasons stated below, that motion will be granted in part and denied in part.

I.      **Background**

Plaintiff filed the complaint in this action on July 23, 2013. The complaint alleged that Lowell Police Officer Eric Wayne, the City of Lowell, and Hookslide Kelly's were all liable for injuries sustained by plaintiff when he was arrested by Wayne during the course of an altercation at Hookslide Kelly's. Plaintiff stipulated to the dismissal of the claims against Hookslide Kelly's in March 2015. In October 2015, he stipulated to the dismissal of the claims against City of Lowell, after the Court had denied the City's motion to dismiss and the parties had completed discovery. Also in October 2015, defendant Wayne moved for partial summary judgment. That motion was granted in part and denied in part.

The case then proceeded to trial. Plaintiff filed numerous motions *in limine*, as well as *Daubert* motions, and opposed numerous motions *in limine* filed by the defendant. After a four-day jury trial, the Court granted defendant's motion for a directed verdict as to plaintiff's deliberate indifference claim and the jury returned a verdict in favor of plaintiff on excessive force claim. The jury awarded plaintiff damages in the amount of $494.56. Plaintiff has now moved for an award of reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, as well as costs pursuant to Fed. R. Civ. P. 54(d).

II.     **Analysis**

   A.   **Reasonable Attorneys' Fees**

Under the Fees Act, 42 U.S.C. § 1988, a plaintiff who prevails in a § 1983 claim may be awarded reasonable attorneys' fees. Although the fee-shifting provision of § 1988 "is couched in permissive terminology, awards in favor of prevailing civil rights plaintiffs are virtually obligatory." *Diaz-Rivera v. Rivera-Rodriguez*, 377 F.3d 119, 124 (1st Cir. 2004) (internal quotation marks omitted). The First Circuit follows the "lodestar" approach to determining

reasonable attorneys' fees under the Fees Act. *See Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir. 2001).

The lodestar method involves "multiplying the number of hours productively spent by a reasonable hourly rate to calculate a base figure." *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The court may then adjust the lodestar amount upward or downward based on a number of factors, chief among which are the results obtained. *See Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F.3d 331, 338 (1st Cir. 1997). In this context, the "results obtained" includes the "plaintiff's success claim by claim," "the relief actually achieved," and "the societal importance of the right which has been vindicated." *Id.* A failure to prevail on all claims, as well as a "scanty damage award" cut in favor of a reduction in fees, while the vindication of important rights cuts against a reduction. *Id.* at 388 & n.5.

Plaintiff's counsel spent approximately 1,600 hours working on this case. However, due to the relatively modest amount of the damages awarded to plaintiff, he has reduced the number of hours for which he seeks attorneys' fees to 894.7. Of that 894.7 hours, 754.2 hours of work was performed by plaintiff's lead counsel, Paul Klehm, at a rate of $350/hour; 37.7 hours of work was performed by attorney James Krasnoo, at a rate of $400/hour; and 102.8 hours of work was performed by attorney Benjamin Falkner, at a rate of $200/hour. All three are named partners at the firm Krasnoo, Klehm & Falkner, LLP. Those figures result in a total of $299,610 in fees. However, again in recognition of the modest damages award, plaintiff has reduced his request by 80%, to reach a final fee request of $59,922.

Defendant does not dispute either that plaintiff is entitled to attorneys' fees, the hours billed, or the hourly rates applied. Defendant's only opposition to plaintiff's calculation is that

3

the 80% reduction is too limited in light of plaintiff's relatively meager recovery, and that a reduction of 95% should be applied.

"[T]hough a meager damage award may be taken into consideration, the [Supreme] Court has squarely disclaimed 'the proposition that fee awards under § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers.'" *Id.* at 339 (quoting *City of Riverside v. Rivera*, 447 U.S. 561, 574 (1986)). A small recovery is one factor to be considered, but it "does not constitute a dispositive criterion, or even ceiling on an ensuing fee award." *Foley v. City of Lowell*, 948 F.2d 10, 19 (1st Cir. 1991). Furthermore, while the damages award here was significantly lower than the damages alleged by plaintiff, it was not merely an award of nominal damages.[1] The $494.56 was equal to plaintiff's hospital bill from the morning after his arrest. This is not, therefore, a case in which plaintiff failed to prove any actual, compensable damages. *Cf. Farrar v. Hobby*, 506 U.S. 103, 115 (1992) (stating that fees should not be awarded in civil rights suit for damages where plaintiff recovers only nominal damages because "the awarding of nominal damages . . . highlights the plaintiff's failure to prove actual, compensable injury").

As to plaintiff's claim-by-claim success, his calculation of time spent working on the case—a calculation that defendant does not dispute—already excludes time spent on the dismissed claims against the City of Lowell and Hookslide Kelly's. And while the Court did grant defendant's motion for a directed verdict as to plaintiff's deliberat-indifference claim, the 80% reduction—viewed in light of the other relevant considerations—adequately accounts for

---

[1] Plaintiff alleged medical damages of $76,467.92. He also requested damages for pain and suffering, emotional distress, and lost income.

plaintiff's failure to prevail on that aspect of his § 1983 claim.[2]

In addition, the "results obtained" includes more than just the verdict returned on each claim and the damages awarded; it also includes the societal importance of the rights vindicated. *Coutin*, 124 F.3d at 338. "[A] civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms," and, in enacting the Fees Act, Congress "determined that 'the public as a whole has an interest in the vindication of the rights conferred by the statutes enumerated in § 1988, over and above the value of a civil rights remedy to a particular plaintiff . . . .'" *Rivera*, 477 U.S. at 574 (quoting *Hensley*, 461 U.S. at 444 n.4 (Brennan, J., concurring in part and dissenting in part)). The public's interest in the vindication of the right to be free from excessive force is substantial, particularly as the litigation of such claims—even absent significant monetary damages—serve as a necessary deterrent to the abuse of police power.

How a fee award should be adjusted under circumstances such as those presented here is difficult to quantify. *Coutin*, 124 F.3d at 338 & n.5. There are no strict rules or mathematical formulae to guide the Court's discretion. *Hensley*, 461 U.S. at 436-37. In light of plaintiff's limited damages award and his failure to succeed on the deliberate-indifference portion of his § 1983 claim—which cut in favor of a substantial reduction in his fee award—and the public's interest in the vindication of an important right—which cuts against substantial reduction—the Court finds that an 80% reduction to the undisputed base amount of $299,610 results in a reasonable attorneys' fee of $59,922.

---

[2] Plaintiff's accounting of the billable time spent working on the case does not allow for precise reduction in the hours spent working on the deliberate-indifference claim. (*See* Klehm Aff. Ex. 4). However, such precision is not necessary. *See Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983) (noting difficulty of isolating time spent on one claims as compared to another and stating that a "court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success").

**B.     Costs**

Plaintiff also seeks to recover costs associated with this litigation pursuant to Fed. R. Civ. P. 54(d). Defendant contends that the parties should be left to bear their own costs, because, while the plaintiff prevailed on his excessive-force claim, defendant prevailed on the deliberate-indifference claim. However, "[w]here a plaintiff has brought an action based on several theories of recovery and prevails on only one theory, courts have found that the plaintiff was the prevailing party entitled to costs." *E.E.O.C. v. Colgate-Palmolive Co.*, 617 F. Supp. 843, 844 (S.D.N.Y 1985). For present purposes, plaintiff is therefore the prevailing party and is entitled to recover his costs.

Plaintiff has requested $8,004.79 in litigation costs. By the Court's calculations, $754.85 of that total is for the costs of making photocopies at a rate of $.20 per page. Plaintiff has not supported any documentation to support that rate, and for most of the individual charges listed, has not indicated what the copies were for or why they were necessary. In light of the lack of supporting documentation, the Court will apply a rate of $.10 per page and reduce the reimbursement sought for photocopies by half.

Plaintiff's request for reimbursement also includes $4,691.25 for the preparation of transcripts, including deposition transcripts and trial transcripts. Included in that total is $380 for the deposition transcript of Dr. Michael Rater, who did not testify at trial. Plaintiff excluded the time spent preparing for and taking Dr. Rater's deposition in his calculation of attorneys' fees, and it seems appropriate to also exclude the costs of the deposition transcript from plaintiff's request for costs.

Plaintiff's request for costs is otherwise reasonable. Therefore, the Court finds that a reasonable award of costs under the circumstances is $7,247.37, broken out as follows:

| Costs | | |
|---|---|---|
| Category | Cost Requested | Cost Approved |
| Medical Records | $1,071.27 | $1,071.27 |
| Photocopies | $754.85 | $377.43 |
| Posters for Trial | $328.32 | $328.32 |
| Postage | $4.1 | $4.1 |
| Transcripts | $4,691.25 | $4,311.25 |
| Filing Fee | $400 | $400 |
| Video Testimony at Trial | $755 | $755 |
| **Total** | **$8,004.79** | **$7,247.37** |

### III.  Conclusion

For the foregoing reasons, plaintiff's motion for attorneys' fees, costs, and other expenses is GRANTED in the amount of $59,922 in fees and $7,247.37 in costs, and is otherwise DENIED.

**So Ordered.**

Dated: April 27, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge